## STATE OF FLORIDA v. ALICEA, et al.

### Case No. 85-346MM10

County Court, Broward County

March 18, 1985

### APPEARANCES OF COUNSEL

**Brad Collins,** Assistant State Attorney, for plaintiff.

**Bruce L. Randall** for defendants.

### OPINION OF THE COURT

STEVEN G. SHUTTER, County Judge

This matter having come before the Court on the Defendants' Motion for Discharge, and the Court having heard argument of counsel, and being otherwise fully advised in the premises, finds as follows:

### *FACTS*

1. The Defendants were arrested on November 7, 1984.

2. Arraignments were originally scheduled for December 5, 1984,

and Defendants filed written pleas of not guilty and a Demand for Discovery prior to that date.

3. However, formal charges were not filed against the Defendants until January 11, 1985, some 66 days later, and for that reason the Clerk of the County Court returned Defendants' pleadings to Defendants' attorney.

4. An arraignment was scheduled for January 21, 1985, and Defendants filed new pleadings including a Demand for Discovery on January 16, 1985. The State timely answered such discovery on January 25, 1985.

5. The trial of this case was scheduled for February 4, 1985, with notice being mailed on January 28, 1985.

6. That through no fault of their own Defendants were left with only two days to prepare for trial after receiving notice of trial and the Answer to the Demand for Discovery.

7. On February 4, 1985, the State announced ready for trial. The Defendants then moved for a continuance and that it be charged to the State. The Court granted the Motion and re-set the trial.

## LAW

8. A Defendant in a criminal case is entitled to a Speedy Trial under the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. Specifically, Rule 3.191 provides a Defendant in a criminal misdemeanor case shall be brought to trial within 90 days of their arrest.

9. On February 4, 1985 when the Court charged the continuance to the State, to do otherwise would permit the State in any misdemeanor case to wait more than two months to file an Information and thereby force the Defendant to go to trial without the opportunity for any meaningful discovery in order to preserve the right to speedy trial.

10. To require a Defendant, through no fault of their own to be forced to choose between the Constitutional rights to a speedy trial and the proper preparation of an adequate defense clearly violates a Defendant's rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Florida Constitution.

## DECISION

11. Since more than ninety (90) days have elapsed since the date of the arrest and the Defendants have made a timely Motion for Dis-

charge the Defendants, having always been available for trial and there having been no continuances attributable to the Defendants, it is hereby

ORDERED AND ADJUDGED that the Defendants' Motion for Discharge be granted and the above-styled case shall be discharged and dismissed.